UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOANNE BROWN, RODNEY BROWN and      Judge Sand
ROBERT E. LEWIS individually and as        11 cv 1964
parent and legal guardian of his infant son,

                              Plaintiffs,        **COMPLAINT**

    -against-

                                       **JURY TRIAL DEMANDED**

NEW YORK CITY and UNIDENTIFIED POLICE
OFFICERS,

                              Defendant(s).
--------------------------------------------------------X

The plaintiffs, complaining of the defendants, by their attorney, FRED LICHTMACHER, ESQ., respectfully show to this Court and allege:

## JURISDICTION

1      Jurisdiction is founded upon the existence of a Federal Question.

2      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(3 & 4).

4      Venue is appropriate pursuant to 28 U.S.C. §§ 1391 (b) (1 & 2).

5      This court has jurisdiction to hear plaintiffs' state claims, pursuant to 28 U.S.C. § 1367.

## PARTIES

6      The plaintiffs, JOANNE BROWN, RODNEY BROWN and the infant son of plaintiff ROBERT E. LEWIS, whose name will be provided to the Court, are residents of Queens County in the City and State of New York.

7      The plaintiff, ROBERT E. LEWIS, is a resident of Kings County in the City and State of New York.

8      Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY

...

OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9   Upon information and belief, that at all times hereinafter mentioned, defendants UNIDENTIFIED POLICE OFFICERS were employed by the defendant, NYC, as a member of its police department.

10   Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

11   The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

12   This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

13   Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors, acting under the color of law.

14   Notices of Claim, as to plaintiffs JOANNE BROWN and ROBERT E. LEWIS individually and as parent and legal guardian of his infant son, were served on the Comptroller of the City of New York, on or about January 3, 2011.

15   A Notice of Claim, as to plaintiff RODNEY BROWN, was served on the Comptroller of the City of New York, on or about January 28, 2011.

16       More than thirty days have elapsed since the service of the aforementioned Notices of Claim and adjustment or payment thereof have been neglected or refused and to date no 50-h hearings have been conducted.

17       The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiffs; and the federal claims are brought in a timely manner within three years of the date they accrued.

18       New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

19       The defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of *respondeat superior*.

## STATEMENT OF FACTS

20       On December 5, 2010, at approximately 5:30 a.m., plaintiffs were lawfully on the premises of 128-30 147th Street in the County of Queens, City and State of New York which is the legal residence of plaintiffs.

21       At the aforementioned time, date and place, approximately eight (8) unidentified plain-clothed New York City Police Officers (defendants UNIDENTIFIED POLICE OFFICERS, hereinafter, the defendants) entered the residence by falsely claiming they were Parole Officers sent to monitor plaintiff RODNEY BROWN.

22       The defendants forcefully gained entry into the apartment with their service weapons drawn and searched the residence allegedly looking for an individual by the name of "Bellrose".

23       No such individual named "Bellrose" lived or ever lived with plaintiffs.

24       Plaintiff JOANNE BROWN was scantily clad and dressed in a revealing and private nightgown when defendants forcefully gained entry to plaintiffs' residence.

25       Defendants forcefully pushed plaintiff RODNEY BROWN to the ground while gaining entry into plaintiffs' residence.

26   Defendants searched plaintiffs' entire residence with their service weapons drawn, including the bedroom of plaintiff ROBERT E. LEWIS' infant son who pretended to be asleep when the police officers entered and thoroughly searched his room, while pointing their service weapons at the infant.

27   Defendants pointed their service weapons at each individual plaintiff after forcefully gaining entry to the residence.

28   Plaintiffs were thereafter detained in their residence by defendants for approximately 45 minutes.

29   Plaintiffs JOANNE BROWN and RODNEY BROWN were then arrested without explanation and without probable cause to believe they had committed or were about to commit crimes and they were taken to the 106th precinct where they were detained for approximately four hours.

30   After four hours in the 106th precinct, plaintiffs JOANNE BROWN and RODNEY BROWN were released with no further explanation and without charges being brought against them.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT
FALSE ARREST**

31   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

32   The plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiffs were subjected to a false arrest by the defendants.

33   The defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

34   As a direct result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiffs' right to be free from arrest without probable cause.

35   The said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiffs were in fact guilty of crimes and without any other legal justification.

36   By reason of the unlawful false arrests, the plaintiffs were subjected to great indignities, humiliation, anxiety, embarrassment, defamation in their community, they were prevented from conducting their normal affairs of business, their personal lives were interfered with and they were subjected to numerous other harms.

37   By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial, they are entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF RODNEY BROWN
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

38   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39   Plaintiff RODNEY BROWN's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to the use of excessive and unreasonable force by the defendants.

40   The use of excessive force against the plaintiff was effected by defendants without authority of law and without any reasonable necessity to use any force and that the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

41      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from the use of excessive and unreasonable force.

42      By reason of the unlawful use of excessive and unreasonable force, plaintiff was harmed physically, plaintiff was subjected to physical pain, humiliation, embarrassment, anxiety and he was subjected to various ongoing harms and that he was otherwise harmed.

43      By reason of the aforesaid, the plaintiff RODNEY BROWN has been damaged in a sum to be determined at trial, he is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF JOANNE BROWN
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
UNREASONABLE TERMS AND CONDITIONS OF
PLAINTIFF JOANNE BROWN'S DETENTION**

44      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45      Plaintiff JOANNE BROWN's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was not given a reasonable opportunity to get dressed when the defendants entered her home without probable cause.

46      Plaintiff was scantily clad and humiliated by the illegal search and further humiliated by not being allowed to immediately dress herself properly.

47      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiffs' right to be free from unreasonable terms and conditions of a search conducted without probable cause and upon information and belief, without an exigent circumstance.

48      By reason of the illegal search, the plaintiff was subjected to humiliation, embarrassment, anxiety, and was subjected to humiliation, embarrassment and various emotional harms and she

was otherwise harmed.

49      By reason of the aforesaid, the plaintiff JOANNE BROWN has been damaged in a sum to be determined at trial, she is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### ASSAULT

50      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51      Plaintiffs' rights have been violated under the common law of the State of New York, in that plaintiffs were assaulted by the defendants in that plaintiffs were made to fear imminent, unconsented harmful and offensive touchings by the defendants.

52      The said assault was initiated by the defendants, their agents, servants and employees, without any legal justification in that the defendants intentionally caused plaintiffs to be in fear that they would be harmed when they drew their service weapons upon all plaintiffs for no purpose and with deliberate indifference to plaintiffs' rights, including those of plaintiff's infant and held the plaintiffs at gunpoint with no legal necessity to do so.

53      By reason of the assault, plaintiffs were subjected to great indignities, humiliation, anxiety, and were subjected to numerous other harms.

54      By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial and they are entitled to an award of punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFFS RODNEY BROWN'S RIGHTS
### PURSUANT TO THE COMMON LAW
### OF THE STATE OF NEW YORK
### VIA BATTERY

55      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

56   Plaintiff RODNEY BROWN's rights have been violated under the common law of the State of New York, in that defendants committed a battery upon plaintiff.

57   The said battery was committed by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants, with intent to cause harm upon plaintiff, touched plaintiff and caused an offensive, unconsented bodily contact.

58   By reason of the battery, plaintiff was subjected to great indignities, humiliation, anxiety, physical pain and he was subjected to other harms.

59   By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and they are entitled to an award of punitive damages.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK
TRESPASS**

60   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

61   Plaintiffs' rights have been violated under the common law of the State of New York, in that defendants trespassed upon plaintiffs' private residence.

62   The said trespass was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants gained access to plaintiffs' private residence upon false pretenses and were not welcome or allowed upon the premises.

63   By reason of the trespass, plaintiffs were subjected to pecuniary harms, great indignities, humiliation, anxiety, and were subjected to numerous other harms.

64   By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial and they are entitled to an award of punitive damages.

**AS AND FOR AN SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF**

### VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK
### FALSE ARREST

65   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

66   Plaintiffs' rights have been violated under the common law of the State of New York, in that defendants falsely arrested plaintiffs.

67   The said false arrest was initiated by the defendants, their agents, servants and employees, without any legal justification in that the defendants confined the plaintiffs, in that plaintiffs were not free to leave, defendants intended to confine plaintiffs, plaintiffs were conscious of confinement, plaintiffs did not consent to confinement and confinement was not otherwise privileged.

68   By reason of the false arrest, plaintiffs were subjected to pecuniary harms, great indignities, humiliation, anxiety, and were subjected to numerous other harms.

69   By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial and they are entitled to an award of punitive damages.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
### BY THE CITY OF NEW YORK i.e.,
### MONELL CLAIM

70   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

71   The plaintiffs' rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

72   Defendants NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the

recurring problem of violations of the Constitutional rights of citizens by matters overtly similar to the instant matter, in spite of repeated complaints of similar behavior, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

73     The defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

74     The defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

75     As a result of NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, the defendants in the instant case felt free to, and did in fact, violate the plaintiff's rights.

76     It is the routine practice of NYPD officers to maliciously fail to provide adequate clothing to nude or partially clad people who are being detained.

77     It is the routine practice of NYPD officers to enter the homes of minorities with less than probable cause.

78     It is the routine practice of NYPD officers to physically abuse and use excessive force against young minority males.

79     Despite being often alerted to the recurring problem of its officers intentionally failing to provide adequate clothing to persons being detained, and despite the ongoing practice of members of the NYPD entering the homes of minority citizens without probable cause, and despite the ongoing practice of members of the NYPD using excessive and unreasonable force against young minority males, the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in these forms of illegal, unconstitutional behavior.

80     By reason of the aforementioned violations of plaintiffs' constitutional rights, the plaintiffs were subjected to great indignities, humiliation, embarrassment, anxiety, they were prevented from conducting their normal affairs of business and they were subjected to numerous other harms.

81      By reason of the aforesaid, the plaintiffs have been damaged in a sum to be determined at trial and they are entitled to an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants in compensatory damages in sums to be determined at trial on all causes of action and in punitive damages for plaintiffs' First through Seventh causes of action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on all plaintiffs' federal causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: March 21, 2011
       New York, New York

                                                / s /
                                          FRED LICHTMACHER (FL-5341)
                                          Attorney for plaintiffs
                                          The Empire State Building
                                          350 5th Avenue Suite 7116
                                          New York, New York 10118
                                          (212) 922-9066

To:   Michael Cardozo
      Corporation Counsel City of New York
      100 Church Street
      New York, New York 10007